Chavira-Munoz v. Garland and we have I believe both counsel appearing by zoom it looks like and they're right here in front of us so we'll start with the petitioner and we have 10 minutes per side if you could let us know counsel for the petitioner how much time you plan to reserve for rebuttal that'd be great I'd like to reserve I'd like to reserve two minutes your honor all right Thank You counsel you can go ahead thank you may it please the court counsel this is a review of a withholding and cat denial as well as a request for a remand so that petitioner can seek cancellation of removal under INA section 240 B a little B that form of relief was not available to him at the time of his hearing or at the time of his appeal to the board or at the time of his briefings to the board it became available only afterwards some nine months or so by virtue of the Lopez decision this court rendered the IJ found the petitioner to be completely credible credible anyway and the board adopted the IJ's findings the government's position is that this court lacks jurisdiction to hear our request for a remand for cancellation of removal because it wasn't raised below and while that's ordinarily true we rely on the Alcoraz case for the proposition that where a change in the law occurred after the matter had been fully briefed argued and decided there was no occasion to raise it below it's essentially analogous with the futility doctrine according to the Alcoraz decision and for those reasons we do do you think Prairie was a change in the law or was there not really a change in law until Lopez first part of Lopez your client yeah I think Lopez Lopez was the change in the law your honor and the reason is is when Pereira was probably when I can tell you in this community there was a lot of uncertainty about what it represented and it didn't become but it but it's certainly that's I'm trying to figure out like obviously Lopez makes it very clear how clear does it have to be I mean is it just have to provide you an opening for there to be a change in law or does it have to be as clear as Lopez I think it has to be as clear as Lopez because the prayer decision didn't touch on the jurisdiction of this court and so that question was left open nor did it touch on whether a subsequent notice of hearing would cure the putative NTA and so there were a lot of loose ends and unanswered questions in the wake of prayer that warranted decided in this circuit until Lopez so that was the operative change that rendered him eligible he wasn't eligible under prayer is the standard is the standard that the argument has to be absolutely foreclosed or is the standard that it's pretty clear that the argument is a loser I think the standard is one of whether there is authority that is on point to render the argument there was no authority in the wake of Pereira to argue that a subsequent notice of hearing in fact didn't stop the clock and in some circuits that's not true and now the board is held but that is that can be counsel no that can be true I think I think it's just a as a descriptive matter a lot of people were making that argument after Prairie including obviously the folks in Lopez right like I think so there was a they were using Prairie a site you know and I was curious the answer I think Dutch Fletcher said it really well which what is the standard but if the standard is the way that you just articulated that if there's authority on point that can be used to press the argument I'm not sure that helps you because Prairie a certainly was used to press that argument what was used to press that argument I agree your honor I don't I don't believe that Prairie said anywhere in it that a lot that a notice of hearing subsequent to the punitive NTA cures it that just wasn't said and that was the issue in this case and so why didn't Prairie put you on notice that there's such an argument ought to be made I mean if that if that was disruptive we created a lot of uncertainty at the immigration bar community there certainly were lawyers who were making the argument we saw lots of lots of these cases come through you surely were on notice that that there was there were some tremors in the Supreme Court's jurisprudence and there might be further further developments why aren't you responsible for developing those well I agree that there are some tremors but I don't think there was anything on points that said he had the ability to still see cancellation of removal and so Lopez came down there just simply wasn't a decision that said that was true in the circuit and so for that reason I don't believe he had an opportunity or obligation to to address that argument until the Lopez case was promulgated and did at that point and at what point does Ferreira come down in this narrative my impression is the Ferreira comes down in the sense of if Ferreira is the case that gives him notice that there's an argument to be made here it doesn't give him much time because it comes down at such a point that you know you've got to be awfully fast to figure out that you've got an argument under Ferreira so could you review the timeline for me well I I can somewhat yes the Pereira case came down I believe in 2000 well I don't have it in front of me actually I think it was 2017 perhaps 18 and there was some time in between it and the next decision which was a board decision called Bermuda's and that case held that the notice of hearing didn't in fact cure it so there was a back-and-forth tug-of-war that really still exists to this day I know that Ms. Chavez has settled those questions but there's still a there's still some uncertainty in the air about you know what per council I think I understood Judge Fletcher's question to be more Ferreira what was the timing of that vis-a-vis where you were at where your client was out in the in the in in in his proceedings before the BIA or the IJ etc because did their client I thought understood Prairie actually came down after the BIA issued its decision in this case yeah that is that is correct your honor and a motion to reconsider was filed in a timely manner based on Pereira but it was denied because in that motion we argued the jurisdictional aspect of it and that was rejected and has been rejected ever since what is your view did you do you have an obligation so if Prairie came down afterwards even assuming for the Prairie of put you on notice and so you had an obligation what is your argument as far as the timing of Prairie like you do you have an obligation to file a notice to reopen or waive the issue you know or or do you not have an obligation in order to have to preserve the issue on appeal so I think the court the operative court here is it's a much different dynamic than normal the immigration court doesn't enjoy powers of equity the immigration court is a statute only and so unless there's precedent directly on point the immigration court isn't going to feel those arguments they're just not I made them dozens of times if not and we're asking a slightly different question which let's assume for a second that the immigration court would hear that argument and would have agreed with you which obviously it wouldn't have because we know that later on it issued the decision that it issued before Lopez that the other way but let's assume it would have or may have do you have an obligation as your client have an obligation to file a motion to reopen to raise this new authority after after basically proceedings are done in order to not essentially waive the issue before us no your honor because the Alcarez decision points out that motions to reopen our creature of regulation and that of statute they are not a right they're discretionary and therefore they don't obviate jurisdiction if they're not brought in the first instance prudential exhaustion also shouldn't apply because any any motion to reopen would have been out of time relative to the regulation so it would have been denied based on it being out of time well it would have been you have like what you have a certain amount of time trying to remember how long it is but under you know there's an exception to that for changes and changes in new authority right well there's no that's not clear at all your honor I think that there are exceptions for change country conditions and that's why that Avenue exists for changes of regime etc but changes in the law aren't something the the IJ or the board are obligated to acknowledge I don't believe council just help me with the with a not out of timing I'm I'll ask I'll ask the presiding judge to give you additional time to answer my question please so the IJ's decision comes down in July of 2017 the BIA's decision is issued on June 4th 2018 and Pareda comes down two weeks later am I correct on that June 21st 2018 that sounds about correct so the only thing in if Pareda signaled a change in the law for which you should have been more aggressive in your you would have had to have the BIA for him to reconsider or for a motion to reopen is that correct well we did ask for that is correct and we would and we did ask for a motion to reach we approached the board with a motion to reconsider the argument that was made wasn't the ultimate argument that prevailed over the course of the litigation culminating with Lopez though and so that argument was that the IJ lacked jurisdiction because of the punitive NCA and that was rejected and we did make the Pareda argument we didn't make the nuanced argument that eventually emerged to be a Lopez yeah so so I guess that that raises another and don't worry we'll make sure you have time for a bottle so but but does raise like a sort of another level of complexity to this case in that assuming that you did not have an obligation to raise new authority in a motion to reopen you just don't have that obligation right let's assume that for and you know and here the the new authority if Prairie was new authority it did come down within the period of time you could have raised it what's it but it makes us even a little more complicated is you did actually raise Prairie and a motion to reopen you just didn't make the right argument kind of as you just said so well how does that affect like let's just say you did not have the you did not have an obligation to raise it because you don't have an obligation to raise in the motion reopen but if you do bring a motion to reopen and you do raise it but you don't make an argument have you then waived it because you you went ahead and did it but you didn't do it very well no I don't think so your honor I think that it's not waived because of the inherent complexity of the issues involved in Prairie and ultimately in Lopez they were there's been decisions all over the board from the Board of Immigration Appeals to many different courts of appeals and I don't think it was ever waived it certainly wasn't prejudicial to the government they were on this issue as much as anybody from the from the publishing of prayer they knew that this notice of hearing didn't cure it in this particular case and so there certainly wasn't any prejudice and at the end of the day he this this applicant is going to be potentially ineligible for cancellation of removal for no reason other than the randomness of geography because had he been in New York Chicago Miami LA or any other large city it would have never made it to the so randomness like that cries out for a remedy and that remedy is a remit all right well we'll go ahead and move the government we'll put a minute and a half back on the clock for rebuttal counsel thank you thank you good morning your honors may it please the court Roberta Roberts on behalf of the United States Attorney General your honors I'd like to first provide you with a timeline here in this case that would be relevant to the issue of bringing the argument based on Pereira so the board's decision was issued on June 4th 2018 Pereira v Sessions was issued on June 21st 2018 petitioner filed his motion to reconsider and terminate claiming lack of jurisdiction based on Pereira on June 4th 2018 now matter of Bermuda's Cotas with which addressed jurisdiction that was decided after the petitioner filed his motion to reconsider and matter of Mendoza Hernandez which specifically addressed whether these stop time bar applies that board decision was issued on May 1st 2019 that would be the decision that would have foreclosed petitioners argument to the board about whether he would have been eligible to apply for cancellation of removal that decision did not come until 2019 when petitioner filed his motion to in August of 2018 he had the opportunity to make the argument that the stop time bar would not have stopped accrual of his continuous physical presence which was so counsel I think we're we're pretty familiar with the timeline so I get this kind of goes back to to I think a question that does Fletcher asked your counsel on the other side which is so what is your position as far as what the standard is obviously the standard that has to be a case like Lopez it makes abundantly clear that you can do it that you know that you have this argument is it is the stand you know does it have to just barely have cracked open the door for the possibility of making an argument what is the government's position as far as what the standard that we would apply to say well the argument was available was available to you and you should have made it yes your honor is it the crack door I assumed you're gonna say correct the yes your honor we we would say it is the the crack door because the Ninth Circuit this court has said that the exception to the prudential exhaustion requirement it's only when it would be futile to raise the argument so I mean as a practical matter it kind of was futile like we know that if he'd raised it before the BIA the BIA would have said no it did so the following May and right yes your honor but however that was not said until after the motion was filed Mendoza Hernandez did not come out until 2019 prior to that time the board was not bound by prior precedent that would have precluded it from granting relief which is the standard that is stated in Alvarado v. Holder your honor no you know in the circumstances of this case this is an awfully demanding standard I think really an unrealistically demanding standard if you're just talking about ordinary human behavior competent lawyer behavior you're asking his lawyer to beat their head against the wall and you say well you because you didn't beat your head against the wall you lose as I understand beat against the head beat your head against the wall is not a very standard here especially where the precise issue that petitioner is asking for remand for out in terms of the stop time rule and and physical presence accruing that is the exact narrow issue that was addressed in Pereira so petitioner it was it was addressed in Pereira but without talking about what's what's possible for curative correct I'm sorry your honor could you please repeat that the issue addressed in Pereira did not include what happens or how you can cure that with a subsequent notice correct correct your honor that's not that's not handled until 2021 and is Chavez yes your honor so counsel are there any are there any cases in which in that you're aware of in which we or any other court has said this issue does not does not have to be exhausted in order to be preserved your honor not that I am aware of your honor you know as as mentioned there is an exception to the prudential exhaustion requirement where it would be futile however that does not seem to be the case here your honor we I have a I have an unpublished opinion from 2021 from our court in which we said that did not have to exhaust that appears that his dates are a little bit earlier so they appear to be that appears to be prepaid a but why would that make a difference we said we said you did that he was not required to exhaust the question your honor I may not be familiar with this unpublished decision you you mentioned your honor could you please repeat the question yeah in this in this case it appears that the proceedings terminated before pereda but and we said that that news Chavez really was the governing standard and that he was not required to to exhaust so I mean the question I think that's raised by a decision like that somewhat distinguishable from this one is why why wouldn't why couldn't the government come in and argue that you're much less wait for pereda and then try to to develop it further yes your honor there is an unpublished decision it may or may not be the one that you are referencing and in that case the petitioner there was in a cancellation of removal was had already applied for cancellation of removal for lawful permanent residence or that is the form of cancellation they wanted to seek and and Pereira they were in removal proceedings between 2012 to 2014 so they were just sorry are you looking at Cobian vs. Garland yes your honor that that's the case that I've seen but why why in that case weren't they responsible for anticipating pereda I mean you've you've argued here that they're basically for anticipating news Chavez yes your honor but here in in this case if you're the court's indulgence if I may just briefly refer to this case we wrote although he did not seek such relief from the IJ or BIA administrative and prudential exhaustion are not required for this issue because cancellation of removal was so entirely foreclosed to Casa des Cobias during his immigration proceedings that resort to the agency would have been futile and cancellation of removal law has changed and NTA must contain the time date and place of a non-citizens removal hearing to trigger the stop time rule citing this job yes your honor the difference between that case and here is that here in this case the petitioner already took the steps of filing a motion to reconsider based on Pereira was it untimely was the motion reconsider untimely it was your honor so you know sort of like he didn't do it he didn't do it timely so in theory it could have just not even it's almost like he you know he didn't file it so there are some mistakes made but is that so that is your way of distinguishing is you think that that I want to follow that a little bit we could run low on time I want to because that I think is a pretty important issue in this case and that is do you have any cases to support the idea that you have to exhaust if the decision comes out afterwards that cracks open the door the requisite amount whatever amount is necessary that you have to file a motion to reconsider a motion to reopen in order to raise the no your honor but the current case law that the Ninth Circuit has for example an Alvarado V holder that the exception to the prudential exhaustion requirement applies when the board is bound by prior precedent and the petitioner at the board would be precluded from granting relief in that case but here the the board would not have been granted from would not have been precluded from granting well when it issued its decision it was right you agree with that when it actually issued the decision that we're reviewing it it was precluded because there was board that board precedent from 2011 that correct yes your honor at the time so your own your position it's sort of this is sort of a it's a little bit of a circular argument because you're basically saying they weren't precluded after they issued decision so therefore you have to file a motion but I'm not sure you know when we said that that you know that the only that the exception would be if the board was precluded that we were implicitly saying and that means you have to file a motion reopen if or motion reconsideration if it changes after the fact I just don't I don't think we we've addressed that issue before I don't think unless you unless there's some decision out there I'm not aware of and I'm asking you if you're aware of any your honor I am NOT this appears to be an issue of first impression your honor also I see that my time is no I know but I I'll give you a more because this is this is really actually kind of the fundamental issue in this case I think is did he have a responsibility to raise it after the fact if it comes up and if he did have if he didn't have a responsibility if he did not but then he went ahead and tried to raise it you know he raised a temporary issue but raised the wrong issue does that somehow change the equation that to me seems to be pretty important to this case we haven't really talked about that with you so far but you're are you I think you're acknowledging that we don't really have on-point precedent for that first question is whether he has to raise it whether he has an obligation to raise it if something happens after the that cracks the door open after the board issues its decision there's no case you can point to that says he has to raise it no your honor and then and then the question becomes if he does raise it but raises it wrong does he somehow has he somehow waived it because he made a prairie a prairie argument but didn't make the right right one and I don't I don't know I guess we'll have to you're not aware of any any precedent on that either no your honor but it does seem relevant that Alcraz does mention that even if jurisdiction is not precluded by the statute exhaustion of administrative remedies by a motion to reopen may be required as a matter of prudence in order to develop a proper record prevent deliberate bypass of the administrative scheme and allow the agency to correct its own mistakes yeah I don't think it was a mistake at the time that the agency made it I think the permissible view of the law you're correct your honor yeah I don't that is mistake yeah I think I think maybe what if judge Fletcher may begin as I hear you know that that rationale of saying let the agency have a bite out of first especially at this point where all that's kind of water on the bridge with the very you know Lopez and then niche of as does it certainly doesn't apply in this case at all but secondly I mean we do know what the agency would have done it wouldn't have corrected its own mistake and issued a niche of as type decision it would have did what it did in Mendoza Hernandez so and then finally I think judge Fletcher's earlier comment about the fact that I mean even if you assume that he had some sort of obligation what he it happened two weeks after he has a month to you know that means he has to figure this out in in in in what remains of his month in that short period of time which he did not do because he he filed as he actually did file something about Prairie but it was a month late so that is asking a lot that's asking a lot of a petitioner if we created a rule that said you got to raise it within the period of time on a motion for reconsideration which I think we would be creating I think you can see that we would be making new law on that if we decided that correct yes your honor I do see that and yes there's a 30 days to file the motion to reconsider and 90 days to file the motion to reopen yeah and he filed a motion reconsider like a month and some change late right and all right well I think yeah if my colleagues do you have any additional questions at all so we'll go ahead and we'll let counsel for petitioner you have a minute and a half for rebuttal counsel thank you thank you two things jump out at me from this discussion the first is is that the agency was following the law back then and it was because that was the law until well Lopez in the Ninth Circuit and then his job is from the Supreme Court so we absolutely know what the agency would have done with that request there's no doubt about it and it would have denied it and they did deny these motions systematically until they were told they couldn't and so the the idea that we could have had some administrative meaningful look at this case before raising the issue here I believe is fictional we would have had no such look at it the agency is a creature statute it would have followed its own precedent it's not going to forge ahead down new roads that wasn't going to happen until it was told to do so and I appreciate all of your attention in times today Thank You counsel any any further questions from my colleagues all right well thank you to both of you it's been a this has got some little challenging issues in this case and thank you both for helping us think about it with that this case is the next case
judges: FLETCHER, BYBEE, VANDYKE